IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-CV-884-O |
| | § | |
| BILL R. WALDROP | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's May 1, 2018 Order Referring Case, pending before the Court is the United States' Petition to Enforce Internal Revenue Service ("IRS") Summons [doc. 1], filed November 1, 2017.  In the Petition, the government requested, *inter alia*, that the Court issue a show cause order directing Respondent Bill R. Waldrop ("Waldrop") to show cause why an order should not be issued directing Waldrop to appear before an officer of the IRS to give testimony and produce such records as were requested in the summons.  (Petition to Enforce IRS Summons ("Petition") at 4.)  Having carefully considered the Petition and its attachments and the applicable law, the Court recommends that the government's Petition be **GRANTED**.

On April 5, 2018, the Honorable Reed O'Connor issued an order for Waldrop to show cause, at a hearing set for Monday, May 7, 2018 at 10:00 a.m., why the Petition should not be enforced.  The Court specially appointed IRS Revenue Officer Tackno ("Revenue Officer Tackno") or any other Revenue Officer to serve the show cause order and a copy of the Petition on Waldrop.  In a Declaration of Service dated April 9, 2018, Revenue Officer Tackno declared under penalty of perjury that he, on April 9, 2018, personally served on Waldrop the show cause order and a copy of the Petition.

The Court held the show cause hearing on Monday, May 8, 2018.  Waldrop did not appear as ordered.  According to information contained in the Petition, as well as the Exhibits attached to

1

the Petition, including a Declaration by Revenue Officer Tackno, Tackno is investigating the tax liability and delinquent tax returns of Waldrop for the calendar years ending in 2010, 2011, 2012, 2013, 2014, and 2015.[1]  On April 6, 2017, Revenue Officer Thomas E. Douglas ("Revenue Officer Douglas")[2] issued an IRS summons to Waldrop, pursuant to section 7602 of the Internal Revenue Code of 1954, to obtain delinquent tax returns for calendar years set forth above.  A copy of the summons was served on Waldrop on April 10, 2017.  The summons required Waldrop to appear before a Revenue Officer at the IRS office located at 5450 Stratum Dr. in Fort Worth, Texas on May 2, 2017.  According to the certificate of service of summons, on April 10, 2017, Tackno handed an attested copy of the summons to Waldrop.  Subsequently, on May 2, 2017, Waldrop failed to appear.

Thereafter, on June 6, 2017, the Department of Treasury, Office of Chief Counsel, sent Waldrop a letter noting that he had been served with summons and giving him an opportunity to respond to the summons before legal action was initiated.  The letter, which was sent to Waldrop via first-class mail, was not returned as unclaimed and is presumed received.  Again, Waldrop did not respond.

Thereafter, on August 14, 2017, the United States Attorney's Office sent Waldrop a letter, via certified mail, return-receipt requested as well as via first class mail, noting that he had been

---

[1] Revenue Officer Tackno, in his declaration, stated that the "books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service" and that "[a]ll administrative steps required by the Internal Revenue Code for issuance of a summons have been taken."  Revenue Officer Tackno further stated that it was "necessary to examine the books, papers, records or other data sought by the summons in order to properly investigate the federal tax liability of BILL R. WALDROP for the calendar year(s) ended 12/31/2010, 12/31/2011, 12/31/2012, 12/31/2013, 12/31/2014, 12/31/2015.

[2] Although in his declaration Revenue Officer Tackno states that he issued the administration summons, the summons appears to have actually been issued by Revenue Officer Douglas and served on Waldrop by Revenue Officer Tackno.

served with the summons and giving him an opportunity to respond before legal action was initiated. The certified mail receipt was returned signed by Waldrop.

Whenever any person refuses to obey an IRS summons, the government may seek judicial enforcement of the summons. 26 U.S.C. § 7604. It is well settled that the government's *prima facie* case for enforcement requires only a "minimal" initial showing that the summons was issued in good faith, *i.e.*, that (1) it was issued for a proper purpose; (2) that the material sought is relevant to that purpose; (3) that the information sought is not already within the Commissioner's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see Barquero v. United States*, 18 F.3d 1311, 1316 (5th Cir. 1994); *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). This showing "may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons." *United States v. Linstedt*, 724 F.2d 480, 482 (5th Cir. 1984); *see United States v. Davis*, 636 F.2d 1028, 1034 (1981). Once the government makes this minimal showing, the burden shifts to the party resisting the summons to challenge it on any appropriate ground, including demonstrating an improper purpose of the summons or abuse of the court's process. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298 (1978); *Powell*, 379 U.S. at 58; *McCoy*, 954 F.2d at 1004. In other words, the taxpayer or the party challenging the summons bears the "heavy" burden of rebutting the government's prima facie showing for enforcement of a summons. *See Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001).

In this case, the declaration of Revenue Officer Tackno establishes that the IRS needs the information summoned to investigate the federal tax liability of Waldrop and that the information may be relevant to the examination of such tax liability for the periods ending December 31, 2010 through December 31, 2015. Revenue Officer Tackno's declaration adequately meets the United

3

States' burden of establishing a legitimate purpose in issuing the summons and that the information sought may be relevant for that purpose. His declaration also adequately meets the United States' burden of establishing that it does not have possession of the records summonsed. Waldrop failed to meet his heavy burden of rebutting the government's prima facie showing for enforcement of a summons.

Based on the foregoing, the Court finds that the Internal Revenue Service summons issued by Revenue Officer Tackno was authorized and properly served pursuant to the provisions of 26 U.S.C. §§7602 and 7603, and that jurisdiction to enforce the summons in this action properly exists in this Court pursuant to 26 U.S.C. §7604(a). The Court finds that the summons, which is the subject matter of this action, (1) was issued for a legitimate purpose pursuant to the Internal Revenue Code; (2) seeks information relevant for that purpose; and (3) seeks testimony and documents that are not presently in the possession of the Internal Revenue Service. The Court specifically finds that the purpose of the summons was to secure testimony, records and documents relating to Waldrop's tax liability to determine the amount of his tax liability. The summons was issued in compliance with all applicable statutes, rules, and regulations and there is no evidence that there is a "Justice Department referral" in effect with respect to Waldrop, or any person whose tax liability is at issue pursuant to said summons, as that term is defined in 26 U.S.C. 7602(d).[3] Accordingly, the requirements set forth in *United States v. Powell*, *supra*, have been satisfied, and the government is entitled to enforcement of the summons. *United States v. LaSalle National Bank*, 437 U.S. 298 (1978).

---

[3] While it would have been preferable for Revenue Officer Tackno to state affirmatively that there is no "Justice Department referral" in effect, the Court accepts that there is no evidence of such a referral.

## RECOMMENDATION

It is recommended that the Petition to enforce the summons be **GRANTED**, and that

Waldrop be **ORDERED** to appear before Revenue Office Tackno, or another officer of the IRS,

at 5450 Stratum Dr., Fort Worth, Texas 76137, on Tuesday, June 26, 2018 at 10:00 a.m. to testify

and produce all documents, records, books, records, and receipts specified in the summons

attached as Exhibit "A" to the Petition of the United States of America filed in this matter.  The

Court further recommends that all court costs be taxed against Waldrop.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

been served with a copy of this document.  The United States District Judge need only make a de

novo determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 6,**

**2018**, to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 23, 2018.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6